ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

MAY 12 2004

LUTHER D. THOMAS, Clerk

By _____
Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

AID ATLANTA, INC.,      )
          )
    Plaintiff,     )
          )
v.          )    CIVIL ACTION
          )    FILE NO. 1:03-CV-4004 **TWT**
MZA EVENTS, INC.,     )
          )
    Defendant.    )
          )
          )

## PLAINTIFF AID ATLANTA INC.'S MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE AND SUPPORTING MEMORANDUM OF LAW

### I.    INTRODUCTION

Pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, Plaintiff AID Atlanta, Inc. ("AID Atlanta") respectfully moves this Court for an order dismissing this action without prejudice.

AID Atlanta filed this action in response to a "cease and desist" letter dated December 16, 2003 received from Defendant MZA Events, Inc. ("MZA"), in which MZA demanded that AID Atlanta "cease and desist from using the name 'AIDS Walk Atlanta' publicly in any way in connection with any event that is not

sponsored by MZA." *See* Exhibit A attached hereto (also attached to Complaint as Exhibit E). Subsequently, in its Initial Disclosures served on March 22, 2004, MZA retreated from that position, admitting *in judicio* that "MZA has not sought, and does not now seek, to prevent AID Atlanta, or any other AIDS Service Organization, from using the name AIDS Walk Atlanta." *See* Exhibit B attached hereto.

AID Atlanta's principal purpose for bringing this action was to obtain a declaration that it may freely use the AIDS WALK ATLANTA mark without challenge from MZA. Now that MZA has conceded this point, AID Atlanta has concluded that the continuation of costly litigation is no longer necessary.

The entry of a dismissal without prejudice will promote the interests of judicial economy and allow both parties to this action to go about their respective affairs without dissipating their resources in expensive discovery and motion practice. In light of AID Atlanta's status as a non-profit, charitable organization, its interest in minimizing litigation expenses whenever feasible is particularly keen – every dollar of litigation expense it can avoid is another dollar it can use to further its charitable purposes. Accordingly, AID Atlanta respectfully requests that this Court grant AID Atlanta's motion for a voluntary dismissal of this action without prejudice.

## II.   FACTUAL BACKGROUND[1]

AID Atlanta is a non-profit AIDS service organization.  For over a decade, AID Atlanta has held an annual walkathon event known as "AIDS WALK ATLANTA."  AID Atlanta has continuously and exclusively used the service mark and trademark AIDS WALK ATLANTA in interstate commerce to identify its charitable fundraising walkathon since at least as early as 1991.

AID Atlanta employed MZA, under contract, as a vendor in connection with the AIDS Walk Atlanta events held in years 1994 and 1996 through 2003.  On or about November 6, 2003, AID Atlanta terminated its contractual relationship with MZA.

On December 16, 2003, MZA sent a letter to AID Atlanta in which MZA claimed to own the AIDS WALK ATLANTA mark and demanded that AID Atlanta "cease and desist from using the name 'AIDS Walk Atlanta' publicly in any way in connection with any event that is not sponsored by MZA.".  *See* Exhibit A.  Accordingly, to ensure that AID Atlanta would not be inhibited from producing its signature fundraising event in light of MZA's claims of ownership with respect to the AIDS WALK ATLANTA mark, AID Atlanta initiated the current litigation.

---

[1] Except as otherwise noted, the facts in this section are drawn from AID Atlanta's Complaint in this action.

ATL01/11651248v1

After AID Atlanta filed its Complaint, MZA retreated from the position asserted in its December 16, 2003 letter. In its Initial Disclosures served on March 22, 2004, MZA admitted *in judicio* (contrary to its earlier letter) that "MZA has not sought, and does not now seek, to prevent AID Atlanta, or any other AIDS Service Organization, from using the name AIDS Walk Atlanta." *See* Exhibit B. After receiving the Initial Disclosures served by MZA, AID Atlanta initiated settlement negotiations with MZA in an effort to resolve the differences between the parties. By the beginning of May, however, it had become apparent that such negotiations had reached an impasse. Notwithstanding that impasse, AID Atlanta has concluded that further litigation is not warranted at this juncture, in light of MZA's change of position with respect to AID Atlanta's use of the AIDS WALK ATLANTA mark.

The net effect of MZA's change of position is that AID Atlanta is now free to move forward with the planning and production of AIDS WALK ATLANTA as its premiere charitable fundraising event, without fear that MZA's prior assertion of intellectual property rights in the AIDS WALK ATLANTA mark will disrupt those fundraising efforts. Nevertheless, if this action continues to go forward, substantial litigation expenses will be incurred by both parties. For example, multiple depositions have been scheduled by MZA that will cause significant

- 4 -

expense to AID Atlanta to prepare for and defend. *See* "Plaintiff Aid Atlanta Inc.'s Motion and Memorandum of Law for Protective Order to Stay Discovery Pending Resolution of Its Motion For Voluntary Dismissal" (filed contemporaneously herewith). Additionally, whether at trial or through motion practice, this action is likely to consume meaningful resources of this Court if the case continues on its current path. Accordingly, in order to conserve its financial resources for the furtherance of its charitable mission, and in the interests of judicial economy, AID Atlanta requests that the above-styled action be dismissed without prejudice.

### III.   ARGUMENT AND CITATION OF AUTHORITY

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides as follows:

Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to service upon the defendant of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

Fed. R. Civ. P. 41(a)(2).

A motion for voluntary dismissal under Rule 41(a)(2) should be granted in the absence of "plain legal prejudice" to the defendant. *See, e.g., Fisher v. Puerto Rico Marine Management, Inc.*, 940 F.2d 1502, 1503 (11th Cir. 1991); *see also,*

*e.g.,* 8 James Wm. Moore et al., Moore's Federal Practice § 41.40[5][a] (citing multiple cases applying and defining the "plain legal prejudice" standard).

Here, MZA cannot show any legal prejudice from the voluntary dismissal of this action. To the contrary, MZA has expressly disclaimed any efforts to prevent AID Atlanta from using the AIDS WALK ATLANTA mark in connection with AID Atlanta's charitable fundraising efforts. *See* Exhibit B. Necessarily, AID Atlanta's continued use of the AIDS WALK ATLANTA mark in the absence of a judicial declaration of AID Atlanta's ownership rights can cause no legal prejudice to MZA when MZA has affirmed in its Initial Disclosures that it does not seek to prevent AID Atlanta's use of the mark. Moreover, while it is conceivable that MZA could engage in future conduct necessitating the renewal of this action at a later date, the mere prospect of a second lawsuit in the future is insufficient to constitute legal prejudice. *See, e.g., Fisher*, 940 F.2d at 1503; *see also, e.g.,* 8 Moore's Federal Practice § 41.40[5][c] (citing numerous cases in support of the proposition that the "mere prospect of a second lawsuit following a voluntary dismissal without prejudice does not constitute plain legal prejudice").

At this juncture, a dismissal without prejudice allows both parties to this action to engage in their respective affairs without incurring the unnecessary expense of multiple depositions and the other costs that inevitably would be

associated with the prosecution of this action to its ultimate conclusion.  Instead, the parties can simply go their separate ways, with AID Atlanta pursuing its charitable activities, and MZA pursuing its for-profit business affairs.  In addition, a voluntary dismissal at this relatively early stage of the litigation will ensure that this court's resources are not called upon to resolve potential discovery disputes, other dispositive motions, or to preside over the trial of this action.

In short, a voluntary dismissal without prejudice is in the legitimate interests of both parties to this action, as well as in the interests of judicial economy. Accordingly, AID Atlanta respectfully requests that the Court dismiss this action without prejudice.

## IV.   CONCLUSION AND RELIEF REQUESTED

For all of the foregoing reasons, AID Atlanta respectfully, requests that the Court dismiss the above-styled action without prejudice, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.

For the Court's consideration and convenience, a proposed Order granting the foregoing requested relief is attached hereto as Exhibit C.

Respectfully submitted this _12th_ day of May, 2004.

ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA 30309-3424
TEL: (404) 881-7000
FAX: (404) 253-8889

JOHN E. STEPHENSON, JR.
Georgia Bar No. 679825
DAVID J. STEWART
Georgia Bar No. 681149
JEFFREY J. SWART
Georgia Bar No. 697310
JEAN C. ZABIN
Georgia Bar No. 783589

*Attorneys for Plaintiff*
*AID ATLANTA, INC.*

## Local Rule 7.1 (D) Certification

This is to certify, pursuant to Local Rule 7.1(D), that "Plaintiff Aid Atlanta Inc.'s Motion for Voluntary Dismissal Without Prejudice and Supporting Memorandum of Law" has been prepared in 14-point Times New Roman font, as approved by this Court in Local Rule 5.1(B).

Dated:        May⁄2 , 2004.


ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA 30309-3424
TEL: (404) 881-7000
FAX: (404) 253-8889

JOHN E. STEPHENSON, JR.
Georgia Bar No. 679825
DAVID J. STEWART
Georgia Bar No. 681149
JEFFREY J. SWART
Georgia Bar No. 697310
JEAN C. ZABIN
Georgia Bar No. 783589

*Attorneys for Plaintiff*
*AID ATLANTA, INC.*

– 9 –

**Exhibit A**

**(Defendant's "Cease and Desist" Letter)**

# FISHER & KREKORIAN

3500 WEST OLIVE AVENUE • SUITE 300
BURBANK, CALIFORNIA 91505

PAUL M. KREKORIAN
Partner

tel  818.848.7750
fax  818.848.7749

December 16, 2003

**VIA FAX  (404-870-7709)**

Ms. Kim Anderson
Executive Director
AID Atlanta
1438 W. Peachtree Street NW, Suite 100
Atlanta, GA USA 30309-2955

Re:     *AIDS Walk Atlanta*

Dear Ms. Anderson:

This office represents MZA Events, Inc. ("MZA").

As you are no doubt aware, MZA's predecessor, Miller, Zeichik and Associates, created and produced the first AIDS Walk event in the world nearly 20 years ago in Los Angeles.  Since that time, MZA has become nationally renowned for the unique concepts and processes, extraordinary execution, cost efficiency, high energy and overall excellence of the AIDS Walk events that MZA has produced throughout the country. AIDS Walk events produced by MZA have generated over $250 million for AIDS organizations, to the great benefit of people living with HIV/AIDS.

MZA has produced AIDS Walk Atlanta in ten of the last eleven years.  During that time, AIDS Walk sponsors and participants, and the Atlanta community at large, have come to expect the highest level of quality in this MZA-produced event.  MZA's production of the event has given the public confidence that when they participate in or contribute to AIDS Walk Atlanta, they can expect a positive and uplifting event with good organization, a commitment to safety, and a sense of meaningfully addressing the pandemic.

Because MZA's production services have set the recognizable national standard for all AIDS Walk events, MZA's founder and CEO, Craig Miller, has been honored and recognized by AIDS organizations throughout the country.  Among other things, Mr. Miller is the recipient of the San Francisco AIDS Foundation's Community Service Award, AIDS Project Los Angeles' Distinguished Service Award, and the Community Service Award of the Washington D.C. based AIDS Action Foundation (twice).  Earlier this year, AIDS Project Los Angeles honored Mr. Miller as one of its "Twenty Heroes in Twenty Years."

December 16, 2003
Page 2

Among the creative elements that MZA has used in producing AIDS Walk
Atlanta is the very distinctive "AIDS Walk Atlanta" logo, which features the word
"AIDS" in block letters in a distinctive font above the word "Walk," with "Atlanta" in
smaller block letters below.  Virtually identical logos are (and for many years have been)
used by MZA in its production of AIDS Walk events in Los Angeles, San Francisco and
New York, as well as other locations, in addition to Atlanta (the only variation being the
city name).  This distinctive and recognizable logo, as well as other graphic presentations
of the name, have developed significance to the general public in Atlanta and throughout
the country.  Participants and sponsors (among others) can use these marks to distinguish
the quality events produced by MZA from other events.

Through the use of its distinctive logos and other graphic presentations, and
through its performance of exceptional event production services, MZA has created a
secondary meaning in the name "AIDS Walk Atlanta."  That name has now come to
represent the high-quality, large scale AIDS fundraising event produced in Atlanta by
MZA.  While AID Atlanta has been one of several organizations reaping the benefit of
the AIDS Walk events over the years, the Atlanta community unquestionably associates
the name "AIDS Walk Atlanta" with the kind of event that the participants and sponsors
have come to expect – that is, the AIDS Walk Atlanta produced by MZA.

In a recent article in Southern Voice Magazine, it was reported that you claimed
that AID Atlanta "possesses legal rights over the name 'AIDS Walk Atlanta.'"  This
claim is utterly without any legal merit.  Worse, it suggests an intention on the part of
AID Atlanta to infringe upon the trademark and service mark rights that MZA has
developed through its hard work and significant investment over the course of nearly two
decades of AIDS activism and fundraising.

I am writing to demand that you immediately cease and desist from making all
such false claims of rights to MZA's marks, and that you further cease and desist from
using the name "AIDS Walk Atlanta" publicly in any way in connection with any event
that is not produced by MZA.  Such statements will only serve to cause confusion in the
minds of sponsors and participants, which in turn can only cause harm to the
community's ability to maximize fundraising for people living with HIV/AIDS.

**December 16, 2003**
**Page 3**

The foregoing is not intended as a waiver or compromise of any of MZA's other claims, rights and remedies with regard to AID Atlanta, all of which are reserved.

With kindest regards, I remain

Very truly yours,

Paul M. Krekorian

PMK:jd

cc:  John E. Stephenson, Jr., Esq.

**Exhibit B**

**(Defendant's Initial Disclosures)**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

AID ATLANTA, INC.,                    )
                                      )
            Plaintiff,                )
                                      )
    vs.                               )    CASE NO. 1:03-CV-4004-TWT
                                      )
MZA EVENTS, INC.,                     )
                                      )
            Defendant.                )
_____      )

## DEFENDANT'S INITIAL DISCLOSURES

COMES NOW Defendant MZA Events, Inc. ("MZA") and responds

to the following disclosures as required by this Court's Local

Rule No. 26.1:

**(1) If the defendant is improperly identified, state
defendant's correct identification and state whether defendant
will accept service of an amended summons and complaint
reflecting the information furnished in this disclosure
response.**

Defendant is properly identified.

**(2) Provide the names of any parties whom defendant
contends are necessary parties to this action, but who have not
been named by plaintiff. If defendant contends that there is a
question of misjoinder of parties, provide the reasons for
defendant's contention.**

Defendant does not so contend at this time, but reserves
the right to amend this disclosure as discovery continues.

**(3) Provide a detailed factual basis for the defense or
defenses and any counterclaims or crossclaims asserted by
defendant in the responsive pleading.**

Defendant MZA and its predecessor (Miller, Zeichik and Associates) created and produced the first AIDS Walk in the world in 1985 in Los Angeles. Continuously since that beginning almost 20 years ago, MZA has produced AIDS Walk events in cities throughout the country, including Los Angeles, New York and San Francisco. MZA-produced events have raised over $250 million for AIDS service organizations.

MZA has not sought, and does not now seek, to prevent AID Atlanta, or any other AIDS service organization, from using the name AIDS Walk Atlanta, despite the fact that MZA created the name and the concept to which it relates. By the same token, MZA contends that the law of trademark does not permit AID Atlanta to obtain monopoly control over the name and associated marks. The name and the marks have not obtained a secondary meaning in the minds of the public associating them with AID Atlanta.

MZA produced AIDS Walk Atlanta from 1993 through 2003, with the exception of 1995 (i.e., ten of the last eleven years). In the marketing and publicity relating to each of those events, MZA used the distinctive stylized logos, and an overall look and feel, that MZA had developed over its years of experience in multiple cities. These logos and trade dress elements are readily recognizable by the public and associated with all of the AIDS Walks produced by MZA in cities across the country. In each of those years, all of the materials used to market or publicize AIDS Walk Atlanta contained a credit line that clearly identified MZA or its predecessor (and MZA's CEO, Craig R. Miller) as the creators and producers of AIDS Walk Atlanta.

In 1991, 1992 and 1995, plaintiff AID Atlanta conducted fundraising walkathons without MZA as producer. In those years, the walkathon was not called "AIDS Walk Atlanta," but rather was marketed to the public under the name "From All Walks of Life." During those years, AID Atlanta also did not use the distinctive logos and trade dress elements developed by MZA. The walkathons conducted by AID Atlanta were markedly inferior to the AIDS Walk Atlanta events produced by MZA. For example, the 1994 event produced by MZA generated $1.2 million; in 1995, income from the walkathon conducted in-house by AID Atlanta declined precipitously to $775,000, and public participation also decreased dramatically. In 1996, when MZA again produced AIDS Walk Atlanta, the event generated more than $1.1 million, and public participation sharply increased.

Every AIDS Walk Atlanta has been produced by MZA pursuant to contracts between MZA and AID Atlanta. Those contracts gave MZA the responsibility for, among other things, overall

organization of the event, design and production of all materials, writing and designing all radio and television promotions, writing and designing all newspaper advertisements, day to day event management, recruitment of participants and corporate teams, solicitation of media sponsors, hiring and supervision of all staff, selecting all vendors, distribution of all materials, and coordinating the day-of-event program and entertainment. AID Atlanta had no role in the creative development of AIDS Walk Atlanta, all of which was performed by MZA. AID Atlanta had the exclusive responsibility only to provide production funds, office space and insurance (and, in fact, AID Atlanta failed on several occasions even to meet those limited responsibilities). In return, AID Atlanta received the majority, but not all, of the net income (many other AIDS service organizations also benefited from the revenues generated by AIDS Walk Atlanta).

Over the last few years, MZA and AID Atlanta developed disagreements over the direction of AIDS Walk Atlanta. MZA expressed concerns that AID Atlanta's leadership lacked vision and commitment, and that problems within AID Atlanta were hindering the growth of AIDS Walk Atlanta and the benefits it could bring to people living with HIV/AIDS. These issues are of significant public interest, and MZA's statements of its views about them were constitutionally protected, in good faith, and true.

**(4) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.**

All of MZA's statements and uses of the name and logos of AIDS Walk Atlanta alleged in the complaint are protected by the First Amendment of the United States Constitution. Under the Lanham Act and the common law, the name "AIDS Walk Atlanta" is either descriptive or generic, and it has not acquired a secondary meaning such that the public associates it with AID Atlanta nor any event that AID Atlanta has created or produced. Neither "AIDS Walk Atlanta" nor any associated graphic mark is used by AID Atlanta in the marketplace in connection with any goods or services offered by AID Atlanta. If AID Atlanta ever acquired any protectible interest in the relevant marks (which MZA denies), then AID Atlanta has waived and relinquished such interest by acquiescing in MZA's use of the marks in Atlanta and nearly identical marks in other cities, and in such use by third parties. Also, even assuming AID Atlanta has protectible rights in any of the marks, MZA's use of the marks following the termination of the contractual relationship between the parties

3

was a privileged nomitive use under <u>New Kids on the Block v.</u>
<u>News Am. Pub., Inc.</u>, 971 F.2d 302 (9th Cir. 1992).

(5) Provide the name and, if known, the address and
telephone number of each individual likely to have discoverable
information that you may use to support your claims or defenses,
unless solely for impeachment, identifying the subjects of the
information.   (Attach witness list to Responses to Initial
*Disclosures as Attachment A.*)

See Attachment A.

(6) Provide the name of any person who may be used at
trial to present evidence under Rules 702, 703, or 705 of the
Federal Rules of Evidence. For all experts described in
Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report
satisfying the provisions of that rule. (Attach expert witness
list and written reports to Responses to Initial Disclosures as
Attachment B.)

Defendant has not yet determined whom it will call as
expert witnesses.

(7) Provide a copy of, or description by category and
location of, all documents, data compilations, and tangible
things in your possession, custody, or control that you may use
to support   your claims or defenses unless   solely for
impeachment, identifying the subjects of the information.
(Attach document list and descriptions to Responses to Initial
Disclosures as Attachment C.)

See Attachment C.

(8) In the space provided below, provide a computation of
any category of damages claimed by you. In addition, include a
copy of, or describe by category and location of, the documents
or other evidentiary material, not privileged or protected from
disclosure on which such computation is based, including
materials bearing on the nature and extent of injuries suffered,
making such documents or evidentiary material available for
inspection and copying under Fed.R.Civ.P. 34. (Attach any
copies and descriptions to Responses to Initial Disclosures as
Attachment D.)

Defendant does not claim any damages at this point, but
reserves the right to seek recovery of its attorneys' fees and
other costs of litigation arising from this baseless litigation.

(9)  If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.

Defendant does not so contend at this time.

(10) Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment. (Attach copy of insurance agreement to Responses to Initial Disclosures as Attachment E.)

Defendant has not yet completed its insurance coverage analysis.

Dated this 22nd day of March, 2004.

John M. Bowler
Georgia Bar No. 071770
Michael D. Hobbs, Jr.
Georgia Bar No. 358160

TROUTMAN SANDERS LLP
Bank of America Plaza
600 Peachtree St., N.E. - Suite 5200
Atlanta, Georgia  30308-2216
(404) 885-3000 telephone
(404) 962-6513 facsimile

Paul M. Krekorian
FISHER & KREKORIAN
3500 West Olive Avenue, Suite 300
Burbank, California  91505
Tel. 818-848-7750
Fax. 818-848-7749
(Pro Hac Vice Application Pending)

Attorneys for Defendant
MZA EVENTS, INC.

5

### CERTIFICATE OF COMPLIANCE

Pursuant to LR 7.1D, the undersigned counsel hereby certifies
that the foregoing **"*Defendant's Initial Disclosures*"** complies
with the font and point selections approved by the Court in LR
5.1B.  The foregoing pleading was prepared on a computer using
the Courier New font (12 point).

**Exhibit C**

**(Proposed Order)**

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

AID ATLANTA, INC.,                     )
                                       )
      Plaintiff,                   )
                                       )
v.                                     )    CIVIL ACTION
                                       )    FILE NO. 1:03-CV-4004
MZA EVENTS, INC.,                      )
                                       )
      Defendant.                   )
                                       )
_____    )

## ORDER

This matter is before the Court on "Plaintiff Aid Atlanta Inc.'s Motion for Voluntary Dismissal Without Prejudice and Supporting Memorandum of Law" ("Plaintiff's Motion for Voluntary Dismissal"). Having considered Plaintiff's Motion for Voluntary Dismissal, the Court finds that good cause exists for the issuance of the Order requested therein. Accordingly, Plaintiff's Motion for Voluntary Dismissal is hereby GRANTED.

IT IS HEREBY ORDERED that the above-styled action is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that each party shall bear its own fees and costs incurred in connection with this action.

SO ORDERED this _____ day of _____ 2004.

_____
THOMAS W. THRASH, JR.
UNITED STATES DISTRICT JUDGE

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

AID ATLANTA, INC.,                    )
                                      )
            Plaintiff,                )        CIVIL ACTION
v.                                    )        FILE NO. 1:03-CV-4004
MZA EVENTS, INC.,                     )
                                      )
            Defendant.                )

## CERTIFICATE OF SERVICE

This is to certify that I have on this date served a true and correct copy

of **PLAINTIFF AID ATLANTA INC.'S MOTION FOR VOLUNTARY**

**DISMISSAL     WITHOUT     PREJUDICE     AND     SUPPORTING**

**MEMORANDUM OF LAW**, together with any and all exhibits thereto,

upon the interested parties in the above-styled matter *by same-day courier* to

Defendant MZA Events Inc.'s counsel of record as follows:

> John M. Bowler, Jr., Esq.
> Michael D. Hobbs, Jr., Esq.
> Troutman Sanders LLP
> Bank of America Plaza St. N.E.
> Suite 5200
> Atlanta, GA 30308-2216

This 17th day of May, 2004.

Jeffrey J. Swart